This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Madison COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| **Instructions ▾** | | |
|---|---|---|
| Enter above the county name where the case was filed. | WILLIAM K. DOWDY,<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/Respondents. | UNITED SEATING AND MOBILITY, LLC d/b/a et al.<br>**Defendant / Respondent** *(First, middle, last name)* | **2023LA000991**<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | 1. | **Defendant/Respondent's address and service information:** |
|---|---|---|
| | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last):* United Seating and Mobility, LLC d/b/a NUMOTION<br>Registered Agent's name, if any: Registered Agents, Inc.<br>Street Address, Unit #: 2501 Chatham Road, Ste. R<br>City, State, ZIP: Springfield, IL 62704<br>Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/Respondent. | c. | Method of service on Defendant/Respondent:<br>☑ Sheriff  ☐ Sheriff outside Illinois: _____ *County & State*<br>☐ Special process server  ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk: _____

| In **2**, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
| | | Amount claimed:  $ 50,000.01 |

| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:** |
| | | Name *(First, Middle, Last)*:  Edward J. Szewczyk, Esq. |
| | | Street Address, Unit #:  150 S. Bellwood Drive, PO Box 179 |
| | | City, State, ZIP:  East Alton, Illinois 62024 |
| | | Telephone:  (618) 259-8011         Email:   ejs@prattandtobin.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. | To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: |
| | | Address:  155 North Main Street |
| | | City, State, ZIP:  Edwardsville, IL 62025 |

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. | Attend court: |
| | | On: _____ at _____ ☐ a.m. ☐ p.m. in _____ |
| | |       *Date*                    *Time*                              *Courtroom* |
| | | **In-person at:** |

| In **4b**, fill out: <br> • The court date and time the clerk gave you. <br> • The courtroom and address of the court building. <br> • The call-in or video information for remote appearances (if applicable). <br> • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | | _____ |
| | | *Courthouse Address*          *City*                          *State*        *ZIP* |
| | | OR |
| | | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): |
| | | By telephone: _____ |
| | |                    *Call-in number for telephone remote appearance* |
| | | By video conference: _____ |
| | |                            *Video conference website* |
| | | _____ |
| | |    *Video conference log-in information (meeting ID, password, etc.)* |
| | | Call the Circuit Clerk at: _____ or visit their website |
| | |                              *Circuit Clerk's phone number* |
| | | at: _____ to _____ do this. |
| | |     *Website* |

| **STOP!** <br> The Circuit Clerk will fill in this section. | | |
| | | 7/14/2023 |
| | | Witness this Date: _____ |
| | |                /s/ Thomas McRae    /s/ Stacey Turner Clerk of Court |
| | | Clerk of the Court: _____ |

| **STOP!** <br> The officer or process server will fill in the Date of Service. | | **This *Summons* must be served within 30 days of the witness date.** |
| | | Date of Service: _____ |
| | |              *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT <br><br> Madison _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | WILLIAM K. DOWDY, <br> _____ <br> **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. <br><br> UNITED SEATING AND MOBILITY, LLC d/b/a et al. <br> _____ <br> **Defendant / Respondent** *(First, middle, last name)* | **2023LA000991** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
         *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:

        Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

        Address, Unit#: _____

        City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

        Address, Unit#: _____

        City, State, ZIP: _____

        And left it with: _____
                 *First, Middle, Last*

        Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

        and by sending a copy to this defendant in a postage-paid, sealed envelope to the

        above address on _____ , 20 _____

    ☐ On the Corporation's agent, _____
                        *First, Middle, Last*

        Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

        Address: _____

        City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| DO NOT complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

| | |
|---|---|
| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | _____ <br> *Signature by:* ☐ Sheriff <br> ☐ Sheriff outside Illinois: <br><br> _____ <br> *County and State* <br> ☐ Special process server <br> ☐ Licensed private detective |

**FEES**
Service and Return:  $ _____
Miles _____      $ _____
Total                $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

***EFILED***
Case Number 2023LA000991
Date: 7/14/2023 10:29 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| WILLIAM K. DOWDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **2023LA000991** |
| vs. | ) | Case No. 2023- |
| | ) | |
| UNITED SEATING AND MOBILITY, | ) | |
| L.L.C., d/b/a, NUMOTION and PRIDE | ) | |
| MOBILITY PRODUCTS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiff, WILLIAM K. DOWDY, by his attorneys, PRATT &

TOBIN, P.C., and for his Complaint against the Defendants, UNITED SEATING AND

MOBILITY L.L.C., d/b/a, NUMOTION (hereinafter "NUMOTION"), and PRIDE MOBILITY

PRODUCTS CORPORATION (hereinafter "PRIDE"), states the following:

### COUNT I
### (vs. NUMOTION - Strict Liability)

For Count I of his Complaint, directed against NUMOTION, Plaintiff states the

following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East

Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability

company, organized and existing under the laws of the State of Missouri, with its managers

located in the State of Tennessee and doing business in Madison County, Illinois.

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East George, East Alton, Illinois 62024, picked up Plaintiff's original wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30, for Plaintiff to use while his regular wheelchair was serviced and repaired.

7. That at the time the temporary wheelchair left the possession and control of NUMOTION, it was defective and unreasonably dangerous in one, or more, or all of the following ways:

    a.    It was designed and constructed in such a manner that it would easily tip forward while being used in a reasonably foreseeable manner;

b.    It was designed and constructed with no anti-tipping wheels or other devices, or it was designed and constructed with inadequate anti-tipping wheels or other devices; and

c.    It had no warnings or inadequate warnings of the propensity for the wheelchair to tip forward while being used in a reasonably foreseeable manner.

8. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

9. That the occurrence alleged in Paragraph 8, above, was proximately caused by one, or more, or all of the unreasonably dangerous conditions of the temporary wheelchair.

10. That as the direct and proximate result of the occurrence alleged in Paragraph 8, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injury to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT II
### (vs. NUMOTION - Negligence)

For Count II of his Complaint, directed against NUMOTION, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability company, organized and existing under the laws of the State of Missouri, with its managers located in the State of Tennessee and doing business in Madison County, Illinois.

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East

George, East Alton, Illinois 62024, picked up Plaintiff's original wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30, for Plaintiff to use while his original wheelchair was serviced and repaired.

7. That the temporary wheelchair was significantly different from Plaintiff's original wheelchair in its characteristics, balance and manner of operation.

8. That at all times relevant hereto, NUMOTION was aware, or, in the exercise of reasonable care, should have been aware, that Plaintiff had a wheelchair ramp attached to his residence at 320 East George, East Alton, Illinois 62024 and that Plaintiff would use that wheelchair ramp while operating the temporary wheelchair.

9. That at all times relevant hereto, NUMOTION was guilty of one, or more, or all of the following acts or omissions of negligence:

a. Provided a temporary wheelchair which was designed and constructed in such a manner that it would easily tip forward while being used in a reasonably foreseeable manner;

b. Provided a temporary wheelchair which was designed and constructed with no anti-tipping wheels or other devices, or it was designed and constructed with inadequate anti-tipping wheels or other devices;

c. Failed to provide the Plaintiff with any instructions on the safe operation and use of the temporary wheelchair;

d. Failed to warn and explain the differences of characteristics and operation between Plaintiff's original wheelchair supplied by NUMOTION and the temporary wheelchair; and

e. Failed to warn the Plaintiff of the propensity of the temporary wheelchair to tip forward when used in a reasonable manner, including when Plaintiff used the wheelchair to ride down the wheelchair ramp at Plaintiff's home.

10. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

11. That the occurrence alleged in Paragraph 9, above was proximately caused by one, or more, or all of the negligent acts or omissions of NUMOTION.

12. That as the direct and proximate result of the occurrence alleged in Paragraph 9, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injuries to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT III
### (vs. NUMOTION - Warranty of Merchantability)

For Count III of his Complaint, directed against NUMOTION, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability company, organized and existing under the laws of the State of Missouri, with its managers located in the State of Tennessee and doing business in Madison County, Illinois.

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility and was a merchant with respect to self-propelled wheelchairs.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East George, East Alton, Illinois 62024, picked up Plaintiff's wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30 for Plaintiff to use while his regular wheelchair was serviced and repaired.

7. That an implied warranty of merchantability under the provisions of 810 ILCS 5/2-314 arose as a matter of law with regard to the "JAZZY" model temporary wheelchair because it was provided by NUMOTION pursuant to its sale of the original wheelchair to the Plaintiff.

8. That when NUMOTION provided Plaintiff with the temporary wheelchair and at all times relevant hereto, the wheelchair violated 810 ILCS 5/2-314(2)(c) and was not fit for the ordinary purposes for which such a wheelchair is used in one, or the other, or both, of the following ways:

a.   The temporary wheelchair was unstable and would easily tip forward while being used in a reasonably foreseeable manner; and

b.   The temporary wheelchair was equipped with no anti-tipping wheels or other devices, or it had inadequate anti-tipping wheels or other devices.

9. That when NUMOTION provided Plaintiff with the temporary wheelchair and at all times relevant hereto, the wheelchair violated 810 ILCS 5/2-314(2)(e) and was not fit for the ordinary purposes for which such a wheelchair is used because it was inadequately packaged and labeled, having no owner's or instructor's manual and no warnings or labels regarding the propensity of the wheelchair to tip forward.

10. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

11. That the occurrence alleged in Paragraph 10, above was proximately caused by one, or more, or all of the breaches of the implied warranty of merchantability.

12. That as the direct and proximate result of the occurrence alleged in Paragraph 10, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injuries to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

13. That Plaintiff notified NUMOTION of the breaches of the warranty of merchantability within a reasonable time; moreover the filing and service of this Complaint serves as additional notice to NUMOTION.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT IV
### (vs. NUMOTION - Warranty of Fitness)

For Count IV of his Complaint, directed against NUMOTION, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability company, organized and existing under the laws of the State of Missouri, with its managers located in the State of Tennessee and doing business in Madison County, Illinois.

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility and was a merchant with respect to self-propelled wheelchairs.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East George, East Alton, Illinois 62024, picked up Plaintiff's wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30 for Plaintiff to use while his regular wheelchair was serviced and repaired.

7. That at all times relevant hereto, NUMOTION was aware, or, in the exercise of reasonable care, should have been aware, that Plaintiff had a wheelchair ramp attached to his residence at 320 East George, East Alton, Illinois 62024 and that Plaintiff would use the wheelchair ramp while operating the "Jazzy" model wheelchair.

8. That NUMOTION had reason to know that Plaintiff had the particular purpose of using the temporary wheelchair to go up and down the wheelchair ramp attached to his residence.

9. That Plaintiff had no knowledge or expertise in self-propelled wheelchairs and relied on the skill and judgment of NUMOTION to select and furnish a suitable wheelchair for Plaintiff's particular purpose.

10. That an implied warranty of fitness for a particular purpose under the provisions of 810 ILCS 5/2-315 arose as a matter of law with regard to the temporary wheelchair because it was provided by NUMOTION pursuant to its sale of the original wheelchair to the Plaintiff.

11. That the temporary wheelchair violated 810 ILCS 5/2-315 and was not a suitable product for Plaintiff's particular purpose because it was unstable and would easily tip forward while descending the wheelchair ramp and it was equipped with no anti-tipping wheels or other devices, or it had inadequate anti-tipping wheels or other devices.

12. That the temporary wheelchair violated 810 ILCS 5/2-315 and was not a suitable product for Plaintiff's particular purpose because it included no instructions or warnings that the wheelchair was unstable, had no or inadequate anti-tipping wheels or other devices and would easily tip forward while descending the wheelchair ramp.

13. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

14. That the occurrence alleged in Paragraph 10, above was proximately caused by the breach of the implied warranty of fitness for a particular use.

15. That as the direct and proximate result of the occurrence alleged in Paragraph 10, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injuries to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

16. That Plaintiff notified NUMOTION of the breaches of the warranty of fitness for a particular purpose within a reasonable time; moreover the filing and service of this Complaint serves as additional notice to NUMOTION.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

### COUNT V
### (vs. PRIDE - STRICT LIABILITY)

For Count V of his Complaint, directed against PRIDE, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, PRIDE was and still is a corporation, organized and existing under the laws of the State of Pennsylvania, doing business in Madison County, Illinois.

3. That at all times relevant hereto, PRIDE was in the business of designing, assembling, manufacturing and selling various types of self-propelled wheelchairs for use by the general public.

4. That on a date currently not known by the Plaintiff, PRIDE designed, assembled, manufactured, sold and placed into the stream of commerce a certain self-propelled wheelchair which was a "JAZZY" model, with serial number JB110710106C30

5. That on or about October 14, 2022, employees or agents of the Co-Defendant, NUMOTION, provided Plaintiff with the "JAZZY" model wheelchair to use temporarily as a substitute wheelchair while Plaintiff's permanent wheelchair was being serviced and repaired.

6. That at the time the "JAZZY" model wheelchair left the possession and control of PRIDE, it was defective and unreasonably dangerous in one, or more, or all of the following ways:

    a.    It was designed and constructed in such a manner that it would easily tip forward while being used in a reasonably foreseeable manner;

    b.    It was designed and constructed with no anti-tipping wheels or other devices, or it was designed and constructed with inadequate anti-tipping wheels or other devices; and

    c.    It had no warnings or inadequate warnings of the propensity for the wheelchair to tip forward while being used in a reasonably foreseeable manner.

7. That on or about October 17, 2022, Plaintiff was operating the "JAZZY" model wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, located at 320 East George, East Alton, Illinois, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

8. That the occurrence alleged in Paragraph 7, above, was proximately caused by one, or more, or all of the unreasonably dangerous conditions of the "JAZZY" wheelchair.

9. That as the direct and proximate result of the occurrence alleged in Paragraph 7, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injury to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, PRIDE, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT VI
### (vs. PRIDE - Negligence)

For Count VI of his Complaint, directed against PRIDE, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, PRIDE was and still is a corporation, organized and existing under the laws of the State of Pennsylvania, doing business in Madison County, Illinois.

3. That at all times relevant hereto, PRIDE was in the business of designing, assembling, manufacturing and selling various types of self-propelled wheelchairs for use by the general public.

4. That on a date currently not known by the Plaintiff, PRIDE designed, assembled,

manufactured, sold and placed into the stream of commerce a certain self-propelled wheelchair

which was a "JAZZY" model, with serial number JB110710106C30

5. That on or about October 14, 2022, employees or agents of the Co-Defendant,

NUMOTION, provided Plaintiff with the "JAZZY" model wheelchair to use temporarily as a

substitute wheelchair while Plaintiff's permanent wheelchair was being serviced and repaired.

6. That at all times relevant hereto, PRIDE was guilty of one, or more, or all of the

following acts or omissions of negligence:

 a.   Designed and constructed the wheelchair in such a manner that it would easily tip
    forward while being used in a reasonably foreseeable manner;

 b.   Designed and constructed the wheelchair with no anti-tipping wheels or other
    devices, or it was designed and constructed with inadequate anti-tipping wheels or
    other devices; and

 c.   Designed and constructed the wheelchair and provided no warnings or inadequate
    warnings of the propensity for the wheelchair to tip forward while being used in a
    reasonably foreseeable manner.

7. That on or about October 17, 2022, Plaintiff was operating the "JAZZY" model

wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was

attached to Plaintiff's home, located at 320 East George, East Alton, Illinois, when the chair

tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the

wheelchair ramp.

8. That the occurrence alleged in Paragraph 7, above, was proximately caused by one, or

more, or all of the unreasonably dangerous conditions of the "JAZZY" wheelchair.

9. That as the direct and proximate result of the occurrence alleged in Paragraph 7, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injury to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, PRIDE, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

PRATT & TOBIN, P.C.


BY:   /s/ Edward J. Szewczyk
      Edward J. Szewczyk, No. 2791765
      150 South Bellwood Dr.
      East Alton, IL  62024
      Telephone: (618) 259-8011
      Facsimile: (618) 259-6793
      ejs@prattandtobin.com

      ATTORNEYS FOR PLAINTIFF

**PLAINTIFF DEMANDS TRIAL BY JURY**

***EFILED***
Case Number 2023LA000991
Date: 7/14/2023 10:29 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

WILLIAM K. DOWDY,           )
                            )
          Plaintiff,        )
                            )                    **2023LA000991**
vs.                         )        Case No.__2023-_____
                            )
UNITED SEATING AND MOBILITY,)
L.L.C., d/b/a, NUMOTION and PRIDE )
MOBILITY PRODUCTS CORPORATION, )
                            )
          Defendants.       )

## **AFFIDAVIT**

Comes now EDWARD J. SZEWCZYK, Attorney for the Plaintiff, and on his oath, states

as follows:

1.   Upon information and belief, as of the date of filing of this Complaint, the

money sought by the Plaintiff herein does exceed $50,000.00.

FURTHER, AFFIANT SAYETH NOT.

DATED this __13th__ day of __July__, 2023

_____
Edward J. Szewczyk

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF MADISON        )

Subscribed and sworn to before me this __13th__ day of __July__,

2023.

"OFFICIAL SEAL"
MARLA C. URSPRUNG
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES NOV. 28, 2023

_____
NOTARY PUBLIC