UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DOWDY, | ) |
| | ) |
| Plaintiff, | ) |
| | )   3:23-cv-2875-SPM |
| v. | ) |
| | ) |
| UNITED SEATING AND MOBILITY, LLC, | ) |
| d/b/a NUMOTION and PRIDE MOBILITY | ) |
| PRODUCTS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT UNITED SEATING AND MOBILITY, LLC'S MOTION TO DISMISS COUNTS I AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant United Seating and Mobility, LLC, and for its Motion to Dismiss Counts I and IV of Plaintiff's First Amended Complaint, hereby states as follows:

1. Plaintiff filed his First Amended Complaint on October 16, 2023. The Complaint includes four counts: Strict products liability, negligent products liability, UCC implied warranty of merchantability, and UCC implied warranty of fitness for a particular purpose. Count I, strict liability, and Count IV, implied warranty of fitness for a particular purpose, do not state claims and must be dismissed.

**I.   Count I must be dismissed under the Illinois Innocent Seller Statute as Plaintiff has not properly pleaded any exceptions.**

2. Plaintiff's Count I against United Seating and Mobility is for strict products liability. Specifically, Plaintiff alleges strict liability against United Seating and Mobility for claimed defects in the temporary wheelchair which Plaintiff alleges was "provided" by United Seating and Mobility. *Plaintiff's First Am. Complaint*, Doc. 29, pg. 2 ¶ 6. This claim must be dismissed under the Illinois Innocent Seller Statute.

### A. United Seating and Mobility is an innocent seller of the allegedly defective wheelchair.

3. "In any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury…" 735 ILCS 5/2-621(a). This statute is outcome-determinative and applies to this diversity action. *Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 341 (N.D. Ill. 1995).

4. Attached to this motion is the affidavit of representative Teresa Frogge certifying that the temporary wheelchair identified in Plaintiff's Complaint was manufactured by Pride Mobility Products Corporation. *Affidavit of Teresa Frogge*, Ex. 1 ¶ 8. Plaintiff's Complaint also alleges strict liability against defendant Pride Mobility Products Corporation as the manufacturer of the temporary wheelchair. *Plaintiff's First Am. Complaint*, Doc. 29, pg. Count V, pg. 13 ¶ 4.

5. "Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court **shall order the dismissal** of a strict liability in tort claim against the certifying defendant or defendants…" 735 ILCS 5/2-621(b) (emphasis added).

6. Pride Mobility Products Corporation was already a defendant on the basis of its alleged manufacture of the temporary wheelchair. Pride Mobility filed its Answer to Plaintiff's Complaint on September 7, 2023 and has admitted to manufacturing the wheelchair at issue. *Pride Mobility Products Corp's Answer,* Doc. 4, at pg. 2 ¶ 4.

7. As United Seating and Mobility has complied with the Innocent Seller Statute, the dismissal of the strict liability count is mandatory. *Lamkin v. Towner*, 138 Ill. 2d 510, 532-33 (Ill. 1990).

**B.      Plaintiff has not pleaded any exceptions to the Innocent Seller Statute.**

8.      Plaintiff attempts to avoid the Innocent Seller Statute by alleging that United Seating and Mobility had either "actual knowledge of the defect(s)" or that it "created the defect(s)." *First Am. Complaint,* Doc. 29 at pg. 3. Plaintiff provides no factual support for these claims, just the bare legal conclusions. Therefore, Plaintiff has not pleaded an exception to the Innocent Seller Statute.

        **i.      Plaintiff has not properly alleged United Seating and Mobility "created the defect."**

9.      "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). The Seventh Circuit has noted that "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir., 2009). A legal conclusion without factual support does not state a claim.

10.     Plaintiff's assertion that United Seating and Mobility "created the defect" simply parrots the language in the Innocent Seller Statute. It provides exceptions where "the defendant created the defect in the product which caused the injury, death or damage." 735 ILCS 5/2-621(c)(3). The complaint contains no factual support for this proposition. Rather, the complaint alleges that co-defendant Pride "designed, assembled, manufactured, sold and placed into the stream of commerce" the wheelchair at issue. *First Am. Complaint,* Doc. 29 at pg. 13. This allegation must be dismissed.

      **ii.    Plaintiff has not properly alleged United Seating and Mobility had "actual knowledge" of the defect.**

11.    Plaintiff's assertion that United Seating and Mobility had "actual knowledge of the defect" is deficit for the same reason. It simply parrots the Innocent Seller Statute, which has an exception where "the defendant had actual knowledge of the defect." 735 ILCS 5/2-621(c)(2). While Rule 9(b) states that "knowledge… may be alleged generally," *Ashcroft* held that "Rule 9(b)… does not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft,* 556 U.S. at 665.

**II.    Count IV must be dismissed for failure to state a claim.**

12.    Count IV is for implied warranty of fitness. Plaintiff alleges that the temporary wheelchair provided by United Seating and Mobility violated 810 ILCS 5/2-315 and was not a suitable product for Plaintiff's particular purpose of using the wheelchair on a specific wheelchair ramp with a specific length, and slope. *First Am. Complaint*, Doc. 29, pg.11, ¶ 8. Plaintiff, however, does not allege that the "specific length, and slope" were in any way unusual.

13.    810 ILCS 5/2-315 states that "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." No implied warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product. See *CooLab Foods, LLC v. Creamalicious, Inc.*, 2023 WL 2895756 (N.D. Ill. Apr. 11, 2023).

14.    "No warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product. A particular purpose differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the

nature of his business whereas **the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question**." *Ali v. Volkswagen Grp. of Am., Inc.*, 559 F. Supp. 3d 723, 735-36 (N.D. Ill. 2021) (emphasis added). "For example, a car's ordinary purpose is driving, and the ordinary purpose of ice cream – even "specialty" ice cream – would be eating it." *CooLab Foods*, 2023 WL at *4.

15. Plaintiff's Complaint states that the original wheelchair and temporary wheelchair were provided by United Seating and Mobility to the Plaintiff "for his general use for mobility in moving from location to location." See First Am. Complaint, Doc. 29, pg. 10 ¶ 5-6.

16. Plaintiff's Complaint also alleges that the "particular purpose of using the temporary wheelchair [was] to go up and down the wheelchair ramp attached to his residence, having a specific length, slope, and other unique characteristics." See Plaintiff's Complaint, Count IV, ¶ 8.

17. A ramp being attached to a residence and having a specific length and slope remains an avenue for a wheelchair to move from place to place, which is an ordinary use of a wheelchair. Additionally, all ramps have a specific length and slope. There is nothing in Plaintiff's complaint indicating why his specific wheelchair ramp is in any way different than any other wheelchair ramp.

18. Plaintiff's complaint further alleges that "on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home." See *First Am. Complaint*, Doc.29, pg, 12, ¶ 13.

19. The fact that Plaintiff's claims revolve around his operating the temporary wheelchair in a *reasonably foreseeable* manner to ride it down a wheelchair ramp is precisely why Count IV fails to state a claim. The use of a wheelchair to move from location to location, including down wheelchair ramps of differing slopes and lengths, is an ordinary purpose for which wheelchairs are used.

20. Thus, Plaintiff's intended use of the temporary wheelchair to move down a wheelchair ramp was no different than the ordinary use of the wheelchair.

21. Additionally, since Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner, then using a wheelchair to travel down a wheelchair ramp is envisaged in the concept of merchantability and goes to a use which is customarily made of wheelchairs.

22. The use of a wheelchair to move down a wheelchair ramp is not a particular purpose because such use could be envisaged, and Plaintiff's Complaint contains no allegations that there was a specific use by the buyer that is peculiar to United Seating and Mobility's business of providing wheelchairs. Even a "specialty wheelchair" in this case would be anticipated by the seller to be used to move from location to location, just as "specialty ice cream" would be anticipated by a seller to be eaten.

23. As Plaintiff's use of the temporary wheelchair is for ordinary purposes under Illinois law, Count IV fails to state a claim for implied warranty of fitness for a particular purpose.

WHEREFORE, Defendant United Seating and Mobility, LLC respectfully requests this Court enter an order dismissing Counts I and IV of Plaintiff's First Amended Complaint with prejudice, and for any further relief this Court deems appropriate under the circumstances.

/s/ Shane A. Chapman
Philip L. Willman, #3123727
Shane A. Chapman, #6320427
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
pwillman@bjpc.com
schapman@bjpc.com

Attorneys for Defendant
United Seating and Mobility, LLC
d/b/a NuMotion

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following on this __6th__ day of _November_, 2023:

| | |
|---|---|
| Edward J. Szewczyk<br>Pratt & Tobin, P.C.<br>150 South Bellwood Drive<br>East Alton, IL 62024<br>ejs@prattandtobin.com<br>Attorney for Plaintiff | Daniel E. Tranen<br>Wilson Elser Moskowitz Edelman<br>  & Dicker, LLP<br>7777 Bonhomme Ave., Ste. 1900<br>St. Louis, MO 63105<br>daniel.tranen@wilsonelser.com<br>***Attorney for Defendant***<br>***Pride Mobility Products Corporation*** |

/s/ Shane A. Chapman
Shane A. Chapman

29551785.1