UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM K. DOWDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.3:23-cv-2875-SPM |
| ) | |
| UNITED SEATING AND MOBILITY, ) | |
| L.L.C., d/b/a, NUMOTION and PRIDE ) | |
| MOBILITY PRODUCTS CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff, WILLIAM K. DOWDY, by his attorneys, PRATT & TOBIN, P.C., and for his Second Amended Complaint against the Defendants, UNITED SEATING AND MOBILITY L.L.C., d/b/a, NUMOTION (hereinafter "NUMOTION"), and PRIDE MOBILITY PRODUCTS CORPORATION (hereinafter "PRIDE"), states the following:

### COUNT I
### (vs. NUMOTION - Strict Liability)

For Count I of his Second Amended Complaint, directed against NUMOTION, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability company, organized and existing under the laws of the State of Missouri, with its managers located in the State of Tennessee and doing business in Madison County, Illinois.

EXHIBIT A

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East George, East Alton, Illinois 62024, picked up Plaintiff's original wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30, for Plaintiff to use while his regular wheelchair was serviced and repaired.

7. That at the time the temporary wheelchair left the possession and control of NUMOTION, it was defective and unreasonably dangerous in one, or more, or all of the following ways:

    a.     It was designed and constructed in such a manner that it would easily tip forward while being used in a reasonably foreseeable manner;

  b. It was designed and constructed with no anti-tipping wheels or other devices, or it was designed and constructed with inadequate anti-tipping wheels or other devices; and

  c. It had no warnings or inadequate warnings of the propensity for the wheelchair to tip forward while being used in a reasonably foreseeable manner.

8. That NUMOTION had actual knowledge of the defect(s) in the wheelchair which caused the Plaintiff's injuries and damages.

9. That NUMOTION created the defect(s) in the wheelchair which caused the Plaintiff's injuries and damages.

10. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

11. That the occurrence alleged in Paragraph 8, above, was proximately caused by one, or more, or all of the unreasonably dangerous conditions of the temporary wheelchair.

12. That as the direct and proximate result of the occurrence alleged in Paragraph 8, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injury to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT II
### (vs. NUMOTION - Negligence)

For Count II of his Second Amended Complaint, directed against NUMOTION, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability company, organized and existing under the laws of the State of Missouri, with its managers located in the State of Tennessee and doing business in Madison County, Illinois.

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East George, East Alton, Illinois 62024, picked up Plaintiff's original wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30, for Plaintiff to use while his original wheelchair was serviced and repaired.

7. That the temporary wheelchair was significantly different from Plaintiff's original wheelchair in its characteristics, balance and manner of operation.

8. That at all times relevant hereto, NUMOTION was aware, or, in the exercise of reasonable care, should have been aware, that Plaintiff had a wheelchair ramp attached to his residence at 320 East George, East Alton, Illinois 62024 and that Plaintiff would use that wheelchair ramp while operating the temporary wheelchair.

9. That at all times relevant hereto, NUMOTION was guilty of one, or more, or all of the following acts or omissions of negligence:

    a. Provided a temporary wheelchair which was designed and constructed in such a manner that it would easily tip forward while being used in a reasonably foreseeable manner;

    b. Provided a temporary wheelchair which was designed and constructed with no anti-tipping wheels or other devices, or it was designed and constructed with inadequate anti-tipping wheels or other devices;

    c. Failed to provide the Plaintiff with any instructions on the safe operation and use of the temporary wheelchair;

      d.     Failed to warn and explain the differences of characteristics and operation between Plaintiff's original wheelchair supplied by NUMOTION and the temporary wheelchair; and

      e.     Failed to warn the Plaintiff of the propensity of the temporary wheelchair to tip forward when used in a reasonable manner, including when Plaintiff used the wheelchair to ride down the wheelchair ramp at Plaintiff's home.

10. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

11. That the occurrence alleged in Paragraph 9, above was proximately caused by one, or more, or all of the negligent acts or omissions of NUMOTION.

12. That as the direct and proximate result of the occurrence alleged in Paragraph 9, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injuries to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT III
## (vs. NUMOTION - Warranty of Merchantability)

For Count III of his Second Amended Complaint, directed against NUMOTION, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability company, organized and existing under the laws of the State of Missouri, with its managers located in the State of Tennessee and doing business in Madison County, Illinois.

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility and was a merchant with respect to self-propelled wheelchairs.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East

George, East Alton, Illinois 62024, picked up Plaintiff's wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30 for Plaintiff to use while his regular wheelchair was serviced and repaired.

7. That an implied warranty of merchantability under the provisions of 810 ILCS 5/2-314 arose as a matter of law with regard to the "JAZZY" model temporary wheelchair because it was provided by NUMOTION pursuant to its sale of the original wheelchair to the Plaintiff.

8. That when NUMOTION provided Plaintiff with the temporary wheelchair and at all times relevant hereto, the wheelchair violated 810 ILCS 5/2-314(2)(c) and was not fit for the ordinary purposes for which such a wheelchair is used in one, or the other, or both, of the following ways:

   a.  The temporary wheelchair was unstable and would easily tip forward while being used in a reasonably foreseeable manner; and

   b.  The temporary wheelchair was equipped with no anti-tipping wheels or other devices, or it had inadequate anti-tipping wheels or other devices.

9. That when NUMOTION provided Plaintiff with the temporary wheelchair and at all times relevant hereto, the wheelchair violated 810 ILCS 5/2-314(2)(e) and was not fit for the ordinary purposes for which such a wheelchair is used because it was inadequately packaged and labeled, having no owner's or instructor's manual and no warnings or labels regarding the propensity of the wheelchair to tip forward.

10. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to

Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

11. That the occurrence alleged in Paragraph 10, above was proximately caused by one, or more, or all of the breaches of the implied warranty of merchantability.

12. That as the direct and proximate result of the occurrence alleged in Paragraph 10, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injuries to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

13. That Plaintiff notified NUMOTION of the breaches of the warranty of merchantability within a reasonable time; moreover the filing and service of this Complaint serves as additional notice to NUMOTION.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

### COUNT IV
### (vs. NUMOTION - Warranty of Fitness)

For Count IV of his Second Amended Complaint, directed against NUMOTION, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, NUMOTION was and still is a limited liability company, organized and existing under the laws of the State of Missouri, with its managers located in the State of Tennessee and doing business in Madison County, Illinois.

3. That at all times relevant hereto, NUMOTION was in the business of selling, leasing, trading, replacing, exchanging, providing, maintaining and repairing wheelchairs and other devices for assisted mobility and was a merchant with respect to self-propelled wheelchairs.

4. That in approximately 2011, Plaintiff suffered two (2) strokes, which left him with limited mobility and required him to use various devices in order to walk and to move from location to location, including a wheelchair.

5. That in approximately July of 2020, NUMOTION, through Medicare or Medicaid, sold a self-propelled Pride Mobility Products wheelchair, model JAZZY 600 ES 2S-C, serial number JD207120204C60, to the Plaintiff for his general use for mobility in moving from location to location.

6. That several days or more before October 14, 2022, Plaintiff notified NUMOTION that the aforementioned wheelchair required maintenance and/or repair and on or about October 14, 2022, employees or agents of NUMOTION came to Plaintiff's home, located at 320 East George, East Alton, Illinois 62024, picked up Plaintiff's wheelchair in order to maintain and repair it and provided Plaintiff with a temporary self-propelled wheelchair, which was a "JAZZY" model, with a serial number JB110710106C30 for Plaintiff to use while his regular wheelchair was serviced and repaired.

7. That at all times relevant hereto, NUMOTION was aware, or, in the exercise of reasonable care, should have been aware, that Plaintiff had a <u>specific</u> wheelchair ramp attached to his residence at 320 East George, East Alton, Illinois 62024, <u>having a height of approximately 42 inches, a length of approximately 192 inches, a slope of approximately 12.5 degrees and having other unique characteristics</u> and that Plaintiff would use the wheelchair ramp while operating the "Jazzy" model wheelchair.

8. That NUMOTION had reason to know that Plaintiff had the particular purpose of using the temporary wheelchair to go up and down the <u>specific</u> wheelchair ramp attached to his residence<u>, having a height of approximately 42 inches, a length of approximately 192 inches, a slope of approximately 12.5 degrees and having other unique characteristics.</u>

9. That Plaintiff had no knowledge or expertise in self-propelled wheelchairs and relied on the skill and judgment of NUMOTION to select and furnish a suitable wheelchair for Plaintiff's particular purpose.

10. That an implied warranty of fitness for a particular purpose under the provisions of 810 ILCS 5/2-315 arose as a matter of law with regard to the temporary wheelchair because it was provided by NUMOTION pursuant to its sale of the original wheelchair to the Plaintiff.

11. That the temporary wheelchair violated 810 ILCS 5/2-315 and was not a suitable product for Plaintiff's particular purpose because it was unstable and would easily tip forward while descending the wheelchair ramp and it was equipped with no anti-tipping wheels or other devices, or it had inadequate anti-tipping wheels or other devices.

12. That the temporary wheelchair violated 810 ILCS 5/2-315 and was not a suitable product for Plaintiff's particular purpose because it included no instructions or warnings that the

wheelchair was unstable, had no or inadequate anti-tipping wheels or other devices and would easily tip forward while descending the wheelchair ramp <u>attached to his residence.</u>

13. That on or about October 17, 2022, Plaintiff was operating the temporary wheelchair in a reasonably foreseeable manner to ride it down the wheelchair ramp which was attached to Plaintiff's home, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

14. That the occurrence alleged in Paragraph 10, above was proximately caused by the breach of the implied warranty of fitness for a particular use.

15. That as the direct and proximate result of the occurrence alleged in Paragraph 10, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injuries to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

16. That Plaintiff notified NUMOTION of the breaches of the warranty of fitness for a particular purpose within a reasonable time; moreover the filing and service of this Complaint serves as additional notice to NUMOTION.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, NUMOTION, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT V

### (vs. PRIDE - STRICT LIABILITY)

For Count V of his Second Amended Complaint, directed against PRIDE, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, PRIDE was and still is a corporation, organized and existing under the laws of the State of Pennsylvania, doing business in Madison County, Illinois.

3. That at all times relevant hereto, PRIDE was in the business of designing, assembling, manufacturing and selling various types of self-propelled wheelchairs for use by the general public.

4. That on a date currently not known by the Plaintiff, PRIDE designed, assembled, manufactured, sold and placed into the stream of commerce a certain self-propelled wheelchair which was a "JAZZY" model, with serial number JB110710106C30

5. That on or about October 14, 2022, employees or agents of the Co-Defendant, NUMOTION, provided Plaintiff with the "JAZZY" model wheelchair to use temporarily as a substitute wheelchair while Plaintiff's permanent wheelchair was being serviced and repaired.

6. That at the time the "JAZZY" model wheelchair left the possession and control of PRIDE, it was defective and unreasonably dangerous in one, or more, or all of the following ways:

   a. It was designed and constructed in such a manner that it would easily tip forward while being used in a reasonably foreseeable manner;

    b.    It was designed and constructed with no anti-tipping wheels or other devices, or it was designed and constructed with inadequate anti-tipping wheels or other devices; and

    c.    It had no warnings or inadequate warnings of the propensity for the wheelchair to tip forward while being used in a reasonably foreseeable manner.

7. That on or about October 17, 2022, Plaintiff was operating the "JAZZY" model wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, located at 320 East George, East Alton, Illinois, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

8. That the occurrence alleged in Paragraph 7, above, was proximately caused by one, or more, or all of the unreasonably dangerous conditions of the "JAZZY" wheelchair.

9. That as the direct and proximate result of the occurrence alleged in Paragraph 7, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injury to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, PRIDE, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

## COUNT VI
## (vs. PRIDE - Negligence)

For Count VI of his Second Amended Complaint, directed against PRIDE, Plaintiff states the following:

1. That at all times relevant hereto, Plaintiff was and still is a resident of the City of East Alton, Madison County, Illinois.

2. That at all times relevant hereto, PRIDE was and still is a corporation, organized and existing under the laws of the State of Pennsylvania, doing business in Madison County, Illinois.

3. That at all times relevant hereto, PRIDE was in the business of designing, assembling, manufacturing and selling various types of self-propelled wheelchairs for use by the general public.

4. That on a date currently not known by the Plaintiff, PRIDE designed, assembled, manufactured, sold and placed into the stream of commerce a certain self-propelled wheelchair which was a "JAZZY" model, with serial number JB110710106C30

5. That on or about October 14, 2022, employees or agents of the Co-Defendant, NUMOTION, provided Plaintiff with the "JAZZY" model wheelchair to use temporarily as a substitute wheelchair while Plaintiff's permanent wheelchair was being serviced and repaired.

6. That at all times relevant hereto, PRIDE was guilty of one, or more, or all of the following acts or omissions of negligence:

   a. Designed and constructed the wheelchair in such a manner that it would easily tip forward while being used in a reasonably foreseeable manner;

   b. Designed and constructed the wheelchair with no anti-tipping wheels or other devices, or it was designed and constructed with inadequate anti-tipping wheels or other devices; and

  c. Designed and constructed the wheelchair and provided no warnings or inadequate warnings of the propensity for the wheelchair to tip forward while being used in a reasonably foreseeable manner.

7. That on or about October 17, 2022, Plaintiff was operating the "JAZZY" model wheelchair in a reasonably foreseeable manner to ride it down a wheelchair ramp which was attached to Plaintiff's home, located at 320 East George, East Alton, Illinois, when the chair tipped forward, throwing Plaintiff out of the chair and causing him to fall violently onto the wheelchair ramp.

8. That the occurrence alleged in Paragraph 7, above, was proximately caused by one, or more, or all of the unreasonably dangerous conditions of the "JAZZY" wheelchair.

9. That as the direct and proximate result of the occurrence alleged in Paragraph 7, above, Plaintiff suffered severe and permanent bodily injury, including, but not limited to, a comminuted fracture of the left upper tibia, fibula and left knee, injury to the soft tissues of the left leg, a valgus malunion of the fracture, a loss of mobility, the development of pressure ulcers, lower back pain, pain and suffering, disability, loss of a normal life, and disfigurement; furthermore, Plaintiff incurred medical bills and expenses for the treatment of his injuries and will continue to incur medical expenses in the future.

WHEREFORE, the Plaintiff, WILLIAM K. DOWDY, prays for judgment in his favor and against the Defendant, PRIDE, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of court.

       PRATT & TOBIN, P.C.

      BY: /s/ Edward J. Szewczyk
        Edward J. Szewczyk, No. 2791765
        150 South Bellwood Dr.
        East Alton, IL 62024
        Telephone: (618) 259-8011
        Facsimile: (618) 259-6793
        ejs@prattandtobin.com
        ATTORNEYS FOR PLAINTIFF

**PLAINTIFF DEMANDS TRIAL BY JURY**

## CERTIFICATE OF SERVICE

  I hereby certify that on February 6, 2024, I electronically filed the **Second Amended Complaint and Demand for Trial by Jury** with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney.

Daniel E. Tranen, Esq.
Michael S. Weisenbach, Esq.
Wilson, Elser Moskowitz Edelman & Dicker, LLP
7777 Bonhomme Ave., Ste. 1900
St. Louis, MO 63105
314-930-2860
314-930-2861 (fax)
daniel.tranen@wilsonelser.com
michael.weisenbach@wilsonelser.com
*Attorney for Defendant*
*Pride Mobility Products Corporation*

Philip L. Willman, Esq.
Shane A. Chapman, Esq.
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
314-421-3400
314-421-3128 (fax)
pwillman@bjpc.com
schapman@bjpc.com
*Attorneys for Defendant United Seating and Mobility, LLC*
*d/b/a NuMotion*

          /s/ Edward J. Szewczyk