IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM K. DOWDY,

        **Plaintiff,**

v.

UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION, and PRIDE MOBILITY PRODUCTS CORPORATION,

        **Defendants.**

Case No. 23-cv-2875-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint ("SAC") filed by Defendant United Seating and Mobility, LLC d/b/a Numotion ("Numotion"). (Doc. 56). For the reasons set forth below, the Court GRANTS the motion.

### PROCEDURAL AND FACTUAL BACKGROUND

This action is based on an incident that occurred on October 17, 2022 in which Dowdy was injured in a fall from a temporary wheelchair while on his wheelchair ramp. (Doc. 1-1). The temporary wheelchair had been provided to plaintiff by Numotion for use while his regular wheelchair was being serviced and repaired.

On January 8, 2024, this Court set forth a detailed procedural history in Memorandum and Order ruling on a motion to dismiss the first amended complaint. (Doc. 42). As such, only the filings since the filing of the SAC are detailed herein.[1]

On February 12, 2024, plaintiff filed the SAC, wherein count IV alleged breach of an implied warranty of fitness against Numotion. (Doc. 49). The only changes from the prior dismissed count were that plaintiff included the specifications for the ramp at his home and referred to said ramp as "specific"[2]. (*Id.*).

On February 27, 2027, defendant Pride Mobility Products Corporation ("Pride') filed its answer and affirmative defenses. (Doc. 51). On March 1, 2024, Numotion filed its answer and affirmative defense. (Doc. 55). On that same date, Numotion also filed its motion to dismiss Count IV of the SAC for failure to state a claim, contending that the temporary wheelchair was used as intended, which was no different from the ordinary use, so no warranty was created. (Doc. 56).

On March 8, 2024, plaintiff responded to the motion, contending that Numotion impliedly warranted that the temporary wheelchair was suitable and safe for use on the specific ramp attached to his home.

No reply was received within fourteen days as required by Local Rule; therefore, this matter is ripe.

## LEGAL STANDARD

In analyzing a motion to dismiss for failure to state a claim filed pursuant to

---

[1] For a more extensive description of the procedural background of this case, see Doc. 42.
[2] The only underlined portions of the SAC were the word "specific" and the ramp specifications at plaintiff's home. The Local Rules contain the following provision: "All new or amended material in a proposed amended pleading must be underlined or submitted in redlined form." (SDIL-LR15.1(b)(2)).

Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'Plausibility' is not a synonym for 'probability' in this context, but [plausibility] "asks for more than a sheer possibility that a defendant has acted unlawfully." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

District courts are required to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074,1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Additionally, where diversity jurisdiction is invoked, the Court must apply state [Illinois] substantive law, while applying federal law as to matters of procedure. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938).

## ANALYSIS

Under the Uniform Commercial Code ("UCC"), codified in Illinois at 810 ILCS 5/2-101 *et seq.*, the applicable warranty states,

> "Implied Warranty: Fitness for Particular Purpose. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the

>seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." 810 ILCS 5/2-315.

An implied warranty that the goods shall be fit for a particular purpose arises when the seller has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. *Lathrop v. Tyrell,* 471 N.E.2d 1049, 1051 (Ill. App. Ct. 1984). For a claim for breach of the implied warranty of fitness for a particular purpose to survive a motion to dismiss, the plaintiff must allege "(1) a sale of goods, (2) that the seller had reason to know of any particular purpose for which the goods are required, (3) that plaintiff, as buyer of the goods, was relying upon seller's skills or judgment to select suitable goods, and (4) that the goods were not fit for the particular purpose for which they were used." *Maldonado v. Creative Woodworking Concepts, Inc.*, 796 N.E.2d 741, 746 (Ill. App. Ct. 2003).

In the SAC, Dowdy alleged that "Numotion had reason to know that plaintiff had the particular purpose of using the temporary wheelchair to go and down the specific wheelchair ramp attached to his residence, having a height of approximately 42 inches, a length of approximately 192 inches, a slope of approximately 12.5 degrees and having other unique characteristics." (Doc. 49, ¶8). However, Dowdy does not identify how his ramp differs from other ramps, how those measurements differ from an ordinary ramp and/or how his use differed from the ordinary use of a wheelchair ramp.

Page 4 of 6

The warranty for a particular purpose does not apply if the intended use of the product is no different than the ordinary use of the product. *Wilson v. Massey-Ferguson, Inc.*, 315 N.E.2d 580, 582 (Ill. App. Ct. 1974); *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013) ("[n]o warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product."). In other words, for such a warranty to exist, the goods must be for a purpose other than their ordinary use. *Id.*

Count IV of the FAC was dismissed because Dowdy did not properly allege, except in a conclusory manner, that his purpose for the wheelchair involved his "specific" ramp, and that Numotion was aware of this specific ramp, i.e., particular purpose. (Doc. 29, p. 11). In the FAC, Dowdy merely recited the necessary elements for the cause of action and then leaped to the legal conclusion that the warranty applied, without providing any explanation surrounding the supposed particular purpose.

Count IV of the SAC suffers from many of the same defects as its predecessor. This time, Dowdy includes the specifications for his ramp, but again, he does not distinguish how that ramp differs from any other ramp nor does he demonstrate how going up and down this ramp is beyond the ordinary purpose for a wheelchair. Instead, he expects the defendant (and the Court) to leap to the conclusion that there must be some particularity in that ramp to make the use of that ramp by a wheelchair something other than ordinary.

Dowdy attaches two exhibits to his response in opposition to motion to dismiss: (1) Code of Federal Regulations regarding ADA accessibility guidelines; and, (2) article regarding wheelchair ramp slope, but this Court is not inclined to consider these

exhibits nor is it inclined to presume what these exhibits purport to show. (Docs. 58-1&2). Moreover, the court is generally limited to the allegations in the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022) (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)).

This Court agrees with its sister district in the north, "specifications are not purpose, and knowing the specifications does not necessarily mean knowing the purpose.". *Solvay USA v. Cutting Edge Fabrication, Inc.,* 521 F.Supp. 718 (N.D. Ill. 2021). In *Solvay*, which involved two atmospheric tanks for use at a plant, plaintiff provided defendant with specifications for tank construction and argued that the specifications inferred purpose. Similarly, Dowdy's ramp specifications do not infer a 'particular purpose' outside of the ordinary use.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion, dismissing Count IV of the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED: April 2, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**